and the last item on our agenda is Anthony John Rippa versus Stony Brook University. I am pro se appellant Anthony John Rippa. I would be happy to respond in writing to any questions that you may have or direct your attention to appellant's brief summary of the one-sided gender advocacy department leading to direct and indirect violations of the first amendment the 14th amendment title 7 title 9 and state and local code leading to direct and indirect injury injuries and damages. Stony Brook nominally engages in gender preferential treatment at innumerable levels of the university and it's upfront about its mission to serve the students may not make ad hominem attacks on classmates. If you are female then not only are you allowed but your work is held up and specifically recounted by the instructor as an example of good work. I am not getting equal protection of the 14th amendment. The university having a one-sided gender advocacy department guarantees that I will not be getting equal protection by design and in practice I do not. It is also of course a violation of the clear wording of title 9 since no person on the basis of sex shall be denied the benefits of a one-sided gender advocacy department is a benefit denied to one sex. The environment meets the definition of hostile title 9 also forbids excluded participation which Stony Brook flouts with an employer so title 7 is also violated. Stony Brook engages in discriminatory hiring practices DE 16 page 40 DE 32 page 2. Discriminatory hiring promotes further discrimination. True to form Stony Brook refused the due process requirements of investigating my title 9 complaint and replied with a curt message saying that my complaint did not rise to the level of a title 9. I will turn your attention to a brief argument section 5 subsection 18 copy error. My employment status, what year the course was, my grade decline, the existence of a fictitious men's alliance club originated with false statements made by defendants. I corrected the record multiple times. For 12B6 my factual assertions must be accepted as true. Incidentally my assertions actually are true. Locke repeated and relied on falsehoods. Mauskopf did the same. Mauskopf copied numerous falsehoods from defendants and overlooked my numerous corrections and then based the decision on falsehoods. I would direct your attention to motion to reject document brief for appellee section brief for appellee is inadmissible. The docket clearly indicates David Lawrence has substituted for Barbara Underwood. The docket also clearly indicates no other notice of appearance or substitution for defendants. An appellant's brief was submitted on August 19, 2019. David Lawrence submitted an appellee's request that the appellee's brief be due 91 days after August 20, 2019 filing of appellant's brief i.e. on November 19, 2019. November 19, 2019 came and went and we have not heard from David Lawrence since. We did hear from Amit Vora but without appearance nor substitution in no legal capacity. As local rule 12.3b notice of appearance form for substitute additional or amicus counsel clearly states an attorney other than the initial counsel of record who appears in a case in any capacity on behalf of a party or an amicus curiae must file the notice of appearance form for substitute additional or amicus counsel. As local rule 12.3c failure to comply clearly states the appellant's failure to take any of the above actions may result in dismissal of the appeal. The appellant's failure to take any of the above actions may bar the appellee from being heard on the appeal. David Lawrence's decision not to contest the appellant's brief should have appellant's brief carry as uncontested. Furthermore, appellant's failure to comply with local rule 12.3b should carry a 12.3c remedy and bar the appellant from being heard on the appeal. I would direct your attention to appellant's reply summary of the argument. Harris v. Fortworth 1993 is the continuously cited standard for example in Amcal, S.L. Reeves, etc. Mr. Ritter, this is Ms. Kuhler. I want to assure you that we've read your papers, we read your brief, your five minutes has expired, and you have not asked for any rebuttal time. We'll now hear from the attorney Kastoni Burke. Thank you, your honor. May it please the court, my name is Amit Vora and I represent the state affirm the dismissal of Ripa's action. Ripa alleges that Kastoni Burke is discriminated against him on the basis of the sex in violation of section 1983, title 9, and title 7. But Ripa's section 1983 claim is barred by the 11th amendment and its title 9 and 7 allegations fail to state a claim. On the 1983 claim, 11th amendment sovereign immunity bars it. Now Ripa here has sued only Kastoni Burke and this court has held and viewed that Kastoni Burke is an arm of the 11th amendment sovereign immunity. Ripa urges this court to expand the ex parte young exception to sovereign immunity to encompass Kastoni Burke, but under that exception a state official acting in his or her official capacity is not immune from a 1983 claim seeking prospective relief. Here that exception is inapplicable because Ripa has sued no individual state official. Now in the title 9 claim, that's the bulk of Ripa's action, just objectively no reasonable college student would perceive the experiences he cites to be sexually intimidating, ridiculing, or insulting. What's aggrieving Ripa is the ordinary experience of any college student in this country. At bottom, he's attempting to raise the title 9 claim based on the ordinary incidents of life on a modern college campus. For example, he complains that when he's walking around campus he sees posters for student groups such as women in science and engineering or the multicultural women's alliance. These posters would say when and where the groups are meeting. He says that when he's on his computer he receives emails offering, for example, free feminine hygiene products, but none of this amounts to the title 9 standard for a hostile environmental hostile environment claim which is an objectively hostile or abusive environment that is one that discriminatory, intimidation, ridicule, and insult sufficiently severe or basic to alter the conditions of his educational environment. Then moving to the title 7 claim, Ripa has not alleged any adverse employment action whatsoever. We still have no idea what the nature of his purported employment was and we have an unusual circumstance in which in Ripa's briefing he affirmatively states that he has no obligation to tell us anything about his employment relationship, purported employment relationship with student groups. So unless your honors have any questions, I ask this court to affirm. Thank you, counsel. Thank you both. We'll reserve decision. That concludes the argument portion of our calendar. I will ask the clerk to adjourn court. Court steps adjourned.